UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ABRAHAM RAMIREZ,

    Plaintiff,

v.

EUROPEAN MASSAGE THERAPY SCHOOL, INC. a/k/a ESTELLE MEDICAL ACADEMY; ESTELLE INTERNATIONAL, LLC a/k/a ESTELLE SKIN CARE AND SPA INSTITUTE; OLEG VOLOGIN, individually; and ROZALIA VOLOGIN, individually,

    Defendants.

## COMPLAINT AT LAW

Plaintiff, Abraham Ramirez, by and through his attorneys, Caffarelli & Associates Ltd., for his Complaint at Law against Defendants European Massage Therapy School, Inc. a/k/a Estelle Medical Academy, Estelle International LLC a/k/a Estelle Skin Care and Spa Institute, Oleg Vologin, individually, and Rozalia Vologin individually, states as follows:

### NATURE OF ACTION

1. Plaintiff brings this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"). Specifically, Defendants violated the FLSA and IMWL by failing to pay Plaintiff one and one-half times his regular rate of pay ("overtime") for hours worked in excess of forty (40) per individual workweek.

### JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of Illinois, at Defendants' facility located in Skokie, Cook County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Defendant European Massage Therapy School, Inc. a/k/a Estelle Medical Academy ("EMTS") is an Illinois corporation that provides educational courses in massage therapy. EMTS has one location in Las Vegas, Nevada and a second location at 4905 Old Orchard Center, Skokie, Illinois.

5. Defendant Estelle International LLC a/k/a Estelle Skin Care and Spa Institute ("Skin Institute") is an Illinois limited liability company that provides educational courses for estheticians. The Skin Institute is located at 10024 Skokie Boulevard Old Orchard Center, Skokie, Illinois.

6. Defendant Oleg Vologin ("Oleg") is the president, owner, program director, and an instructor of EMTS. Throughout the statutory period, Defendant Oleg had the authority to, and did, hire and fire employees of EMTS; direct and supervise the work of EMTS employees; sign on the EMTS checking accounts; and make or participate in decisions regarding employee compensation.

7. Defendant Rozalia Vologin ("Rozalia") is an owner and director of EMTS. Throughout the statutory period, Defendant Rozalia had the authority to, and did, hire and fire employees of EMTS; direct and supervise the work of EMTS employees; sign on the EMTS checking accounts; and make or participate in decisions regarding employee compensation.

8. Defendant Rozalia is the president, owner, and director of the Skin Institute. Throughout the statutory period, Defendant Rozalia had the authority to, and did, hire and fire

employees of the Skin Institute; direct and supervise the work of Skin Institute employees; sign on the Skin Institute checking accounts; and make or participate in decisions regarding employee compensation.

9. Plaintiff, Abraham Ramirez ("Ramirez"), resides in Waukegan, Illinois and was formerly employed by Defendants from on or about July 8, 2015 through on or about December 9, 2018.

10. Throughout the statutory period, Plaintiff was an "employee" of Defendants EMTS, Oleg, and Rozalia as defined by the FLSA.

11. From October 3, 2016 through December 9, 2018, Plaintiff was an "employee" of Defendant Skin Institute as defined by the FLSA.

12. Throughout the statutory period, Plaintiff was an "employee" of Defendants EMTS, Oleg, and Rozalia as defined by the IMWL.

13. From October 3, 2016 through December 9, 2018, Plaintiff was an "employee" of Defendant Skin Institute as defined by the IMWL.

14. Throughout the course of his employment, Plaintiff was not exempt from the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

15. Throughout the course of his employment, Plaintiff was not exempt from the maximum hours provisions of the IMWL, 820 ILCS 105/4a.

**FACTUAL ALLEGATIONS**

16. Defendants EMTS, Oleg, and Rozalia employed Ramirez as a Front Desk Receptionist from in or about July 8, 2015 through December 9, 2018.

17. Defendant Skin Institute jointly employed Ramirez from October 3, 2016 through December 9, 2018.

18. Ramirez worked at the EMTS facility in Skokie, Illinois.

19. As a Front Desk Receptionist, Ramirez was primarily responsible for answering and placing phone calls, scheduling appointments, coordinating schedules, tracking student attendance, and tracking whether teachers were on time.

20. From December 14, 2015 through December 9, 2018, Ramirez was paid at the rate of $13.50 per hour.

21. Ramirez punched in and out of work using a time card. Defendants' time card system generated electronic reports that they used to keep track of Ramirez' hours of work.

22. From January 2016 through the end of his employment, Ramirez regularly and frequently worked more than forty (40) hours per individual workweek.

23. Throughout the statutory period, Plaintiff typically worked between 42 and 65 hours per week.

24. Plaintiff was entitled to be compensated at an overtime rate for all hours worked in excess of forty (40) per week.

25. Defendants did not compensate Plaintiff at the overtime rate of pay one and one-half times his regular rate ($13.50 per hour) for all time worked in excess of forty (40) hours in individual workweeks.

26. From January 2016 through October 2, 2016, Ramirez was issued one paycheck per pay period from EMTS. Throughout this period, Defendants EMTS, Oleg, and Rozalia paid Ramirez his regular rate of pay for all hours worked. Defendants EMTS, Oleg, and Rozalia did not pay Ramirez at an overtime rate of pay for any of the time he worked in excess of 40 hours per individual workweek.

27. From October 3, 2016 through December 9, 2018, Defendants issued Ramirez two paychecks per pay period: one check issued by EMTS and one check issued by the Skin Institute.

28. Ramirez' job duties did not change after he began receiving two paychecks. No one ever provided him with an answer as to why he was receiving separate paychecks from EMTS and the Skin Institute.

29. From October 3, 2016 through December 9, 2018, Defendants split Ramirez' hours of work between the two paychecks in order to create the appearance that he worked less than 40 hours per individual workweek for each corporate entity. At no time during this period did Defendants pay Ramirez his overtime rate of pay for the time he worked in excess of 40 hours per individual workweek.

30. Defendants failed to compensate Plaintiff at an overtime rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

31. Defendants were aware of their obligation to pay employees overtime and intentionally chose not to pay Plaintiff accordingly.

32. Defendants acted in bad faith in failing to properly compensate Plaintiff for the work he performed.

### COUNT I – FAIR LABOR STANDARDS ACT – OVERTIME

33. Plaintiff restates and incorporates Paragraphs 1 through 32 as though fully set forth herein.

34. At all times relevant within the statutory period, EMTS has been an "employer" as defined in the FLSA. 29 U.S.C. § 203, *et seq.*

35. At all times relevant within the statutory period, Defendant Oleg has been an "employer" as defined in the FLSA. 29 U.S.C. § 203, *et seq.*

36. At all times relevant within the statutory period, Defendant Rozalia has been an "employer" as defined in the FLSA. 29 U.S.C. § 203, *et seq.*

37. From October 3, 2016 through December 9, 2018, the Skin Institute has been an "employer" as defined in the FLSA. 29 U.S.C. § 203, *et seq.*

38. At all times relevant within the statutory period, Plaintiff was employed by EMTS as an "employee" within the meaning of the FLSA. 29 U.S.C. § 203, *et seq.*

39. At all times relevant within the statutory period, Plaintiff was employed by Defendant Oleg as an "employee" within the meaning of the FLSA. 29 U.S.C. § 203, *et seq.*

40. At all times relevant within the statutory period, Plaintiff was employed by Defendant Rozalia as an "employee" within the meaning of the FLSA. 29 U.S.C. § 203, *et seq.*

41. From October 3, 2016 through December 9, 2018, Plaintiff was employed by the Skin Institute as an "employee" within the meaning of the FLSA. 29 U.S.C. § 203, *et seq.*

42. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek.

43. Plaintiff was entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

44. Defendants failed to pay Plaintiffs at the overtime rate for all hours worked over forty (40) in a workweek.

45. Defendants' failure to pay compensation to Plaintiffs at the applicable overtime rate for hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

46. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their compensation policy and methods of payment utilized to mask the hours Plaintiff worked in excess of forty (40) hours per week. Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiff, Abraham Ramirez, respectfully requests that this Court enter an order as follows:

a) Awarding judgment for all unpaid back pay, including overtime, equal for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d) Awarding reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

e) Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f) Awarding such additional relief as the Court may deem just and proper.

### COUNT II – ILLINOIS MINIMUM WAGE LAW – OVERTIME

57. Plaintiff restates and incorporates Paragraphs 1 through 32 as though fully set forth herein.

58. The matters set forth in this Count arise from Defendants' violations of the IMWL for their failure to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) per workweek.

59. At all times relevant within the statutory period, EMTS has been an "employer" as defined in the IMWL. 820 ILCS 105/3(c).

60. At all times relevant within the statutory period, Defendant Oleg has been an "employer" as defined in the IMWL. 820 ILCS 105/3(c).

61. At all times relevant within the statutory period, Defendant Rozalia has been an "employer" as defined in the IMWL. 820 ILCS 105/3(c).

62. From October 3, 2016 through December 9, 2018, the Skin Institute has been an "employer" as defined in the IMWL. 820 ILCS 105/3(c).

63. At all times relevant within the statutory period, Plaintiff was employed by EMTS as an "employee" within the meaning of the IMWL. 820 ILCS 105/1, *et seq.*

64. At all times relevant within the statutory period, Plaintiff was employed by Defendant Oleg as an "employee" within the meaning of the IMWL. 820 ILCS 105/1, *et seq.*

65. At all times relevant within the statutory period, Plaintiff was employed by Defendant Rozalia as an "employee" within the meaning of the IMWL. 820 ILCS 105/1, *et seq.*

66. From October 3, 2016 through December 9, 2018, Plaintiff was employed by the Skin Institute as an "employee" within the meaning of the IMWL. 820 ILCS 105/1, *et seq.*

67. Pursuant to the IMWL, for all weeks during which Plaintiff worked in excess of forty (40) hours, he was entitled to be compensated at the overtime rate.

68. Plaintiff regularly worked in excess of forty (40) hours per workweek.

69. Defendants violated the IMWL by failing to compensate Plaintiff at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

70. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff, Abraham Ramirez, respectfully request that this Court enter an order as follows:

a) Awarding judgment in the amount of all unpaid back pay owed to Plaintiff pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with 815 ILCS 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

Dated: January 9, 2019

Alejandro Caffarelli, #06239078
Alexis D. Martin, #06309619
Caffarelli & Associates, Ltd.
224 S. Michigan Ave., Suite 300
Chicago, Illinois 60604
Tel. (312) 763-6880

Respectfully submitted,
ABRAHAM RAMIREZ

By: /s/ Alexis D. Martin
  Attorney for the Plaintiff